## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| CRYSTAL MILLER, individually and on behalf of a class of all persons and entities similarly situated, | |
| *Plaintiff*, | Case No. |
| vs. | |
| LUXURY BATH OF TAMPA BAY LLC, | |
| *Defendant*. | |

## CLASS ACTION COMPLAINT

Plaintiff Crystal Miller (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## PRELIMINARY STATEMENT

1.      "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer

Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.    "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his

own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.    Plaintiff brings this action under the TCPA alleging that Luxury Bath of Tampa Bay LLC, (hereinafter referred to as "Defendant) called the Plaintiff, whose number is on the National Do Not Call Registry. Those calls were made without the call recipient's prior express written consent.

4.    Plaintiff alleges Defendant contacted numbers registered on the Florida Do Not Call list maintained by the department of Agriculture and Consumer Services ("Florida DNC"), in violation of Fla. Stat. § 501.059(4);

5.    Plaintiff also alleges Defendant used automated systems to make telemarketing calls from and into Florida, and that by doing so, Defendant has violated the provisions of the Florida Telephone Solicitations Act, Fla. Stat. § 501.059.

6.    Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

7.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and FTSA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

### PARTIES

8.      Plaintiff is a person residing in Hillsborough County, Florida

9.      Defendant is limited liability company based in Palm Harbor, Pinellas County, Florida.

### JURISDICTION AND VENUE

10.      The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law. This Court has supplemental jurisdiction over the state law claims since they relate to the same telemarketing campaign.

11.      This Court has general personal jurisdiction over Defendant because it is headquartered and has its principal place of business in Pinellas County, Florida.

12.      Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this state and judicial district.

## CLAIM BACKGROUND

13.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

14.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

15.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

16.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted.   47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

The Florida Telephone Solicitations Act

17.    The Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, complements the TCPA by protecting Florida residents from intrusive telemarketing calls that solicit consumer goods or services. The FTSA aims to safeguard privacy and prevent harassment through unsolicited "telephonic sales calls," defined as calls, texts, or voicemails, for selling, extending credit, or gathering information for such purposes. Fla. Stat. § 501.059(1)(j). The FTSA applies to telemarketers that conduct telephonic sales calls from a location in Florida or from other states or nations to consumers located in Florida.

18.    The FTSA prohibits unsolicited telephonic sales calls and texts using an automated system for number selection and dialing, or a recorded message, without prior express written consent. Fla. Stat. § 501.059(8)(a).

19.    Pursuant to § 501.059(10)(a) of the FTSA, liquidated damages include $500 per violation, trebled to $1,500 for willful or knowing violations, injunctive relief, and reasonable attorney's fees. Fla. Stat. § 501.059(10), (11)(a).

## **FACTUAL ALLEGATIONS**

20.    The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

21.    Defendant is a seller of various bathroom remodeling products and services.

22.    To generate business, Defendant places illegal telemarketing calls to numbers on the National Do Not Call Registry.

23.    Plaintiff's cellular telephone number, (813) XXX-XXX, is a non-commercial telephone number.

24.    The number is a residential telephone line because it is assigned to a residential cellular telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

25.    Plaintiff uses the number for personal, residential, and household reasons.

26.    Plaintiff's telephone number has been listed on the National Do Not Call Registry since March 25, 2025.

27.    Plaintiff has never been a customer of Defendant, never did business with Defendant, nor asked or inquired to be a customer of Defendant.

28.    Plaintiff never consented to receive calls from Defendant.

29.    Despite that, Plaintiff received at least two calls from Defendant.

30.    The first call was placed on April 29, 2025.

31.    The call was autodialed from (727) 676-1511.

32.    Plaintiff answered the call, said "hello" several times, and then heard a "click" before a live person came on the line.

33.    Plaintiff informed Defendant that she was on the Do Not Call list and they had the wrong person.

34.    The second call was placed on May 13, 2025.

35.    The call was autodialed from (813) 452-3926.

36.    Again, Plaintiff answered the call, said "hello" many times, and then heard a "click" before a live person came on the line.

37.    Plaintiff answered the call and again informed Defendant that she was on the do Not Call list and they had the wrong person.

38.    Plaintiff never provided his consent to receive any of the aforementioned calls from Defendant.

39.    The calls were all placed to sell the Defendant's goods and services.

40.    Given the nature of both calls in that it took a few moments before Plaintiff was able to speak with someone, heard a "click" and a live person got on the line, it is obvious that an automated system for the selection and dialing of telephone numbers within the meaning of the FTSA was used to place the calls at issue.

41.    The aforementioned calls to the Plaintiff were unwanted.

42.    The calls were nonconsensual encounters.

43.    Plaintiff's privacy has been violated by the above-described telemarketing calls.

44.    Plaintiff never provided her consent or requested the calls.

45.    Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because their phone lines were tied up, their do not call requests were dishonored, they were charged for the calls and their privacy was improperly invaded. Furthermore, the calls unnecessarily used battery life, storage space, bandwidth, and wear and tear.

46.    Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

## CLASS ACTION ALLEGATIONS

47.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

48.    Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

49.    Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call, text message, or combination thereof, from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

**<u>Florida Telephone Solicitation Act Autodial Class</u>**: All persons in the U.S., who, (1) received a telephonic sales call from Defendant made from or into Florida regarding Defendants products or services, (2) using the same equipment or type of equipment utilized to call Plaintiff, (3) since July 1, 2021.

**<u>Florida Telephone Solicitation Act Do Not Call Class</u>**: All persons in the State of Florida who, during the period beginning on July 1, 2021, and the date of class certification, (1) received a telephone call or text message (2) from Defendant or on its behalf (3) regarding Defendant's property, goods, and/or services (4) to a Florida number on the National Do Not Call Registry.

50.    Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

51.    Excluded from the Classes are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

52.    Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

53.    This Class Action Complaint seeks injunctive relief and money damages.

54.    The Classes as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

55.    Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds for each class.

56.    The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

57.    Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

58.    There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

59.    There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

a)    Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b) Whether Defendant's conduct constitutes a violation of the FTSA;

c) Whether Defendant's conduct constitutes a violation of the TCPA;

d) Whether Defendant used an automated system for the selection and dialing of telephone numbers within the meaning of the FTSA to initiate the calls and texts at issue; and

e) Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

60.    Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

61.    Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

62.    Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question

concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

63.    The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

64.    Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)

65.    Plaintiff incorporates by reference the foregoing allegations in the preceding paragraphs as if fully set forth herein.

66.    The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

67.    Defendant's violations were negligent, willful, or knowing.

68.    As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

69.    Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**SECOND CAUSE OF ACTION**

**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial**
**Class**

70.    Plaintiff incorporates by reference the allegations in paragraphs 1-64 as if fully set forth herein.

71.    Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendant.

72.    It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a

14

connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

73.    A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

74.    Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

75.    In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

76.    Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection and dialing of telephone numbers.

77.    As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## THIRD CAUSE OF ACTION

**Violation of the FTSA,**
**Fla. Stat. § 501.059(4)**
**On Behalf of Plaintiff and the Florida Telephone Solicitation Act Do Not Call**
**Class**

78.    Plaintiff incorporates by reference the allegations in paragraphs 1-64 as if fully set forth herein.

79.    It is a violation of the FTSA for a "telephone solicitor" to "make or cause to be made any unsolicited telephonic sales call to any residential…telephone number if the number for that telephone appears in the then-current quarterly listing [of the Florida DNC] published by the" the Department of Agriculture and Consumer Services. Fla. Stat. § 501.059(4).

80.    Defendant at all times relevant was a "telephone solicitor" as defined by Section 501.059(1)(i) because Defendant is an "organization, partnership, association, or corporation, or a subsidiary or affiliate thereof, doing business in this state, who makes or causes to be made a telephonic sales call[.]"

81.    At all relevant times, the telephone numbers of Plaintiff and the Class were registered on the Florida DNC Registry.

82.    Defendant's calls to Plaintiff and the Class constitute "telephonic sales calls" under the FTSA because they were initiated "for the purpose of soliciting a sale of any consumer goods or services." Fla. Stat. § 501.059(1)(j).

83.    Defendant's calls to Plaintiff and the Class constitute "unsolicited telephonic sales calls" under the FTSA because they were not made (i) in response to an express request of the person called; or (ii) to a person with whom the telephone solicitor has a prior or existing business relationship. Fla. Stat. § 501.059(1)(k).

84.    Defendant does business in this state.

85.    Thus, Defendant violated Section 501.059(4) of the FTSA.

86.    Plaintiff and the Class members were harmed and aggrieved by Defendant's violations of the FTSA.

87.    Plaintiff and the members of the Class are entitled to injunctive relief to stop Defendant's ongoing and future violations of the FTSA. *See* Fla. Stat. § 501.059(10)(a)(1).

88.    Plaintiff and the Class are entitled to an award of liquidated damages of $500.00 for each unsolicited telephonic sales call that Defendant placed in violation of the FTSA. See Fla. Stat. § 501.059(10)(a)(2).

89.    Because Defendant knew or should have known that it was placing telephonic sales calls to telephone numbers registered on the Florida DNC without prior express written consent, Defendant's violations of the FTSA were willful or knowing.

90.     Plaintiff and the Class are entitled to an award of liquidated damages of $500.00 for each unsolicited telephonic sales call that Defendant placed in violation of the FTSA. *See* Fla. Stat. § 501.059(10)(a)(2).

91.     Thus, Plaintiff and the Class are entitled to an award of liquidated damages of $1,500 for each unsolicited telephonic sales call that Defendant placed in knowing or willful violation of the FTSA. Fla. Stat. § 501.059(10)(b).

92.     Under Fla. Stat. § 501.059(11)(a), Plaintiff and the Class are entitled to an award of reasonable attorneys' fees and costs to be paid by the Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.     An order certifying the Classes, appointing Plaintiff as Class Representative, and Plaintiff's counsel as Class Counsel;

B.     That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA or FTSA and $1,500 for each knowing or willful violation;

C.     An injunction prohibiting Defendant from further violations of the TCPA and the FTSA;

D.     An award to Plaintiff and the Class of their costs of this action as available under the law; and

E.    Any such further and other relief as the Court deems just and equitable.

## **JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: June 6, 2025.                     Respectfully submitted,

PLAINTIFF, individually and on behalf of a
class of all persons and entities similarly
situated,

*/s/ Avi. R. Kaufman*
Avi R. Kaufman (FL Bar no. 84382) (Lead
Counsel)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Counsel for Plaintiff and the proposed
Classes*